UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI, EASTERN DIVISION

*********************

ANTHONY BRIAN JONES

VERSUS

TEPPCO TERMINALING &
MARKETING COMPANY, LLC

*********************

CIVIL ACTION NO. 4:11CV27CWR-FKB

SECTION

JUDGE _____

MAGISTRATE JUDGE _____

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
FEB 23 2011
J T NOBLIN, CLERK
BY_____ DEPUTY

## COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW the Plaintiff Anthony Brian Jones and files this Complaint against Defendant TEPPCO Terminaling & Marketing Company, LLC and in support thereof would show unto the Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the persons and subject matter of this complaint.

2. Venue is properly laid in this Court.

## PARTIES

3. Anthony Brian Jones (hereinafter "Jones") is an adult resident citizen of Neshoba County, Mississippi, who resides in Philadelphia, Mississippi. Plaintiff brings this action within (90) days of receiving Notice of Right to Sue. See Exhibit A. Plaintiff suffers from a disability within the meaning of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.

4. Defendant TEPPCO Terminaling & Marketing Company, LLC (hereinafter "TEPPCO") is a Delaware corporation whose principal place of business is Houston, Texas, and who is licensed to do and doing business in the State of Alabama, and may be served with process on its registered agent for service of process CT Corporation System, 2 North Jackson Street, Ste 605, Montgomery, Alabama 36104. TEPPCO is an employer within the meaning of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.

## FACTS

10. On or about February 11, 2008, the Plaintiff Jones began work with the Defendant TEPPCO as a terminal operator. After began employment, Jones attended months of training for the said position, completing the training satisfactorily, and began to perform the duties of a terminal operator at the Boligee terminal in Boligee, Alabama.

11. On or about May 10, 2008, Jones was involved in a serious automobile accident and suffered traumatic brain injuries as a result.

12. During Jones' hospitalization as a result of said injuries, TEPPCO employees John Mitchell and Warren Hammond came to visit at the hospital.

13. On or about July 14, 2008, Jones went to the Boligee terminal and met with his supervisor John Mitchell, at which time Jones was advised he could not return to work because his doctor had not provided a statement regarding his ability to meet the work demands of his position with TEPPCO.

14. On or about August 8, 2008, Jones was contacted by James Bryant, Director of Human Resources for TEPPCO, and informed that his employment with the company was terminated. At that time, Jones requested that the decision to terminate him be postponed until the time of his next doctor's appointment on August 28, 2008, in hopes that his doctor would release him to drive. Bryant advised Jones that "This had gone on too long. We don't even know the extent of this injury." When Jones advised Bryant he had a brain injury, Bryant replies "That is serious." Bryant told Jones he could re-apply for the job later.

15. On or about that same week of August 8, 2008, Jones spoke with TEPPCO employee Chris Pipkin, who advised Jones he could reapply for the job. He also advised Jones the job had not been posted on the company website because they were going to offer the job to someone "internal" first. Subsequently, the job was posted to the website, and Jones did reapply for the job.

16. On or about September 8, 2008, Jones was released to drive.

17. On or about return to work without restriction by his treating physician. Jones was required to provide certification by his doctor that he was able to perform the essential functions of the job.

18. On or about October 1, 2008, Jones attended an interview for the position at the Boligee terminal, which interview was attended by John Mitchell, Chris Pipkin and Denise Toddish, Human Resources Representative.

19. On or about October 21, 2008, TEPPCO employee John Mitchell was contacted by Marianne McCaleb, Vocational Specialist for the Quest program at Methodist Rehabilitation Hospital. Mitchell informed McCaleb a decision would be made that week regarding the terminal operator position.

20. On November 10, 2008, Jones received a 2009 enrollment package from the benefits department at TEPPCO. Believing that this indicated he had been returned to work at TEPPCO, Jones called Mitchell. Mitchell advised Jones his receipt of the package was a mistake, and that TEPPCO was going to offer the position to someone with higher qualifications.

21. At or about this same time in November, 2008, TEPPCO sent an email to Jones advising him they were considering an internal candidate, and there was no projected timeframe for filling the position.

22. Subsequently, TEPPCO hired an external candidate for the position of terminal operator, which person did not have higher qualifications than the Plaintiff Jones.

23. On or about January 30, 2009, because of his belief that he was discriminated against due to his disability, Jones filed a claim with the Equal Employment Opportunity Commission.

24. On or about August 2, 2010, the EEOC made a determination that TEPPCO did discriminate against Jones by failing to hire him as a result of his disability,

after TEPPCO made pre-employment inquiries and required specific pre-employment medical releases and/or histories, all in violation of the ADA, and further determined that Jones was qualified for the vacant position.

25. On or about December 1, 2010, the EEOC mailed a Notice of Right to Sue to Jones.

26. This Complaint if filed within 90 days of Jones' receipt of the Notice of Right to Sue.

## CLAIMS

27. The Defendants engaged in a discrimination in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq., by making pre-employment inquiries prohibited by the Act.

28. The Defendants engaged in a discrimination in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. by requiring specific pre-employment releases and/or histories, which activities are prohibited by the Act.

29. The Defendants engaged in a discrimination in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. by requiring Jones to undergo tests which were intended to screen out persons with disabilities, and which were not job-related for the position in question and consistent with business necessity, which activities are prohibited by the Act.

30. The Defendants engaged in a discrimination in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. by requiring Jones

to undergo tests which were intended to screen out persons with disabilities, and which were not administered in the most effective manner to ensure that the tests reflected Jones abilities rather than his disabilities, which activities are prohibited by the Act.

31.  The Defendant, in its course of treatment of Anthony Brian Jones, acted with ill will, or reckless or callous indifference to the federally protected rights of Jones, which behavior entitles Jones to an award of punitive damages against the TEPPCO.

32.  As a result of the discrimination by the Defendant, Jones is entitled to reinstatement to his job or other equitable relief to be put in his rightful place of employment, backpay, frontpay, and attorney's fees and all costs related to this litigation.

33.  The Defendants, by imposing their ill will, or their reckless or callous indifference to the federally protected rights of Jones, intentionally and unintentionally caused him to suffer extreme emotional distress and mental anguish as a result of said treatment.

## CLAIMS FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully demands a trial by jury and prays for a judgment against the Defendants as follows:

a.  Actual, compensatory and incidental damages in the amount to be determined by a jury for the mental anguish and severe emotional distress he suffered as a direct and proximate result of the conduct of the Defendant hereinabove.

b.  Back pay, and front pay;

c.  Fringe benefits that were lost as a result of the Defendant's discrimination, including matching retirement benefits and maturity of those benefits to date;

d.  Attorney's fees and any and all costs associated with this lawsuit;

e. Costs of health insurance and medical costs which Plaintiff was forced to pay out of his pocket due to loss of employment benefits;

f. Defendants' actions set forth hereinabove constitute a willful wanton and reckless disregard for the rights of Jones to be free from discrimination in employment. Jones is further entitled to recover liquidated and punitive damages in an amount to be set by the trier of fact.

g. Plaintiff also seeks such other and further relief as the Court and Jury may deem just and proper under the circumstances as hereinabove set forth.

WHEREFORE, premises considered, the Plaintiff prays that a judgment be entered in its favor against the Defendant in an amount to be determined by a jury in this cause to which the Plaintiff is entitled in the premises.

This the 23rd day of February, 2011.

Respectfully submitted,

Counsel for the Plaintiff

Donna J. Hodges, MSB # 9561
P.O. Box 1787
Florence, MS  39073
(601) 707-0585  Telephone
(601) 707-0586  Facsimile
Email: donna@hodgeslawoffice.com